Howell, J.
The object of this suit is the recovery of $9,077 45, the amount' of a note, made in New Orleans, by W. O. and F. Webb on' the 7th March, 1846, due on 1st January, 1854, with eight per cent, interest flora 12th February, 1846, and the enforcement of a mortgage given by thd makers on a plantation and slaves in the parish of Lafourche, which, it is alleged, was assumed by the defendant in a subsequent purchase of. §aid property. Johnson, the defendant, makes no defence; but O. Belcher,’ the dative testamentary executor of W. O. Webb, one of the makers of the note, has intervened, and pleaded the jn’eseription 0f five years to the demand on the note, and the extinction of the mortgage for want of reinscription within ten years, and by the probate sale of the mortgaged property.
There was judgment sustaining the plea of prescription; and the plaintiff appealed.
In 1846 W. G. and F. Webb purchased a plantation' and slaves from the heirs of Thomas Bibb, and assumed a debt due by said Bibb to Brown, Brothers & Go., and the note now in suit by plaintiff as holder ) and owner, with others, similar, was transferred to Brown, Brothers &Co.
In 1854 F. Webb sold his undivided half of said property tó W. O. Webb, who assumed the liability on said notes, amounting then to $45,157 07, principal and interest. In 1856 W. O. Webb died and athiS succession sale, on the 10th May, 1858, the said property was sold to L. L. Johnson, the defendant, for $200,000, payable $75,000 cash, and the balance in five equal annual instalments, with special mortgage, and vendor’s privilege, and personal security. The proces-verbal of this sale was recorded in the office of the parish recorder, on the 14th June, 1858, and on the 12th July, following, the testamentary executor, Wm. K. Webb, filed an account showing receipts, disbursements, assets, debts, * notes paid, notes taken as part of the price of property sold, and a balance in favor of the succession of $1,172 81 which was declared to be apparent only. In the account is the following item:
“ 124. Amount assumed by L. L. Johnson, payable to Brown, Brothers & Co., (Nicholson & Go.,) for which L. L. Johnson will be Sntitled to á credit, when paid..............................$85,948 88.”
This account was homologated on the 4th of September, 1858, upon the petition of O. Belcher, attorney for the executor.
The act of Mortgage of the 7th March, 1846, securing the note in suit and others, was duly inscribed in the parish of Lafourche, oh the 2d of April of that year, reinscribed on the 6th December, 1855, and again Oh the 2Ath July, 1866.
The succession of W. O. Webb, represented by G. Belcher, dative testamentary executor, is shown to be a creditor of the defendant to a large amount with mortgage and vendor’s privilege, and has manifestly such an interest as to authorize the intervention herein.
Upon looking into the proces-verbal of the adjudication, at the succession sale, on 10th May, 1858, to the defendant Johnson, we can find no assumption of the debt due to Brown, Brothers & Co. But plaintiff relies upon a document in the record, offered in evidence by him, and styled “Statement of account of Leonidas L. Johnson, with the succession of Wyatt G. Webb, deceased, as to purchase at succession sale of Webster *488 Plantation, slaves, etc., attached May 10th 1858,” in connection with the above item in the executor’s account, to establish the assumption. This document is certified by the clerk of the court, on éáh May, 1866, to be on file and on record in his office, and in it is set forth that Johnson had assumed the said “debts due by the said succession to Brown, Brothers & .Co., (Nicholson & Qo,). amounting together, the interest calculated to. day of sale, 10th May, 1858, to $35,948 35;” but it'is unsigned and is acknowledged,, as appears, by Johnson, at Helena, Arkansas, on March 25th, 1867, after the institution of this suit, as the. settlement between himself and the executor of W. C. Webb.
We cannot give to this instrument the effect claimed by the plaintiff. It contains a material change in the terms on which the property of the Succession was ordered, to be sold, and on which, the proces-verbal shows it was sold, and has in itself no date prior to the date of the clerk’s certificate, to-wit: 4th May, 1866, and no effect as to Johnson’s creditors prior to his acknowledgment 25th March, 1867. There is no authentic or other satisfactory evidence in the record, of any assumption by Juhnson, Which will bind the succession of Webb. The succession is in no worse position as to Brown, Brothers & Co., by the sale to Johnson, than if no sale had been made. Plaintiff’s claim consequently rests upon the original mortgage of 7th March, 1846, and the assumption of W. C. Webb, in his purchase from E. Webb in 1854. There is no reinscription of this latter assumption, and it is therefore extinct.
The former was reinscribed on 6th December, 1855, and again on 24th ■July 1866, a lapse of more than ten years. Plaintiff invokes the maxim contra nonvalenieni to excuse this delay. The proof does not warrant the application of this maxim, if the maxim can apply to such a case. The inscription on 6th December, 1855, ceased to be evidence as to all parties on the 6th December, 1865; and that on the 24th July 1866, having been made after the title had passed from those bound by the mortgage, was ineffectual, and the mortgage is extinct;
The item in the account homologated on the 4th September, 1858, as to the assumption by Johnson, cannot be taken as an acknowledgment on his part, or a judgment against the succession of Webb.
It is a memorandum by the executors, that Johnson had assumed a certain amount payable to Brown, Brothers & Co., for which he would be entitled to a credit from the succession when paid.
It may be an admission of debt, and an interruption of prescription of the note as to the succession; a question not before us; but cannot have the effect of creating an obligation on the part of Johnson, or interrupting any prescription as to him. His subsequent payment of similar notes could not interrupt prescription as to the one now in suit, although originally a part of the same indebtedness. It required some acknowledgment of the debt evidenced by the note sued on, which has not been shown.
We think the plea of prescription was properly sustained.
Judgment affirmed, with costs.